UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:                                          Chapter 11

385 Greenwich Street LLC,                       Case No. 25-41127-NHL

Debtor.
-------------------------------------------------------------x

## DELCARATION OF ZACHARY GINDI

I, Zachary Gindi, declare under penalty of perjury that the following facts are true and correct:

1.   I submit this Declaration to support the winning bid of 385G LLC in the auction held last week and to respond to the objection filed by Gregory Spatz to the confirmation of auction sale.

### Background of Prior Contract to Purchase

2.   By way of background, 385G LLC (as successor in interest to 251 Church Street LLC) entered into a Agreement of Purchase and Sale (the "PSA") with 385 Greenwich Steet LLC for the purchase of the real property located at 385 Greenwich Street in Manhattan, New York (the "Greenwich Property").

3.   Pursuant to the PSA, buyer submitted a deposit of $1,075,000 (the "Initial Deposit" and, in order to obtain Ladder's consent to allow for the sale of the Greenwich Property pursuant to the PSA, Buyer agreed to release $1,000,000 of the escrow to Ladder as a paydown. More specifically, Section 2(A)(iii) provides:

> Buyer agrees and consents that One Million dollars ($1,000,000) of the Deposit shall be immediately available to Seller for Seller to transfer in full to its lender, LADDER CRE FINANCE REIT INC ("Ladder"), as a non-refundable payment towards the outstanding liabilities owed to Ladder in consideration for Ladder's approval to consent to the sale of the Premises to Purchaser and to extend the forbearance period for Seller to repay amounts due to Ladder.

4.   Accordingly, Buyer agreed to the release of the escrow as a paydown "in consideration for Ladder's approval to consent to the sale of the Premises to Purchaser…"

5.   To be clear, Ladder refused to allow Buyer to purchase the Premises under the PSA, despite Buyer being ready, willing and able to close on the purchase.

6.   Rather, Ladder insisted that the sale under the PSA could not close unless and until Debtor made a complete payoff on all outstanding loan obligations.

7.   Accordingly, Purchaser never got the benefit of its bargain for the release of the $1,000,000 to Ladder and will seek redress in this court if the matter cannot be mutually settled.

8. While this background is not relevant to last week's auction, and 385G LLC made it clear *on the record* at the auction that 385G LLC is not relying on the $1 million prior deposit as part of its bid, I thought it important to disabuse the Court of any notion that the sale of the Premises under the PSA failed because of Buyer's inability to close on the PSA. That was simply not the case. I believe it is an undisputed fact that the sale of the Greenwich property to the Buyer failed to close solely because Ladder was unwilling to allow it to close under the PSA without a full payoff. Full stop.

### 385G LLC Won The Auction and Is Intent on Closing

9. As the Court is aware, 385G LLC was the highest bidder during last week's auction, submitting a high bid of $8,425,000. The back up bidder refused to bid above $8,400,000 despite being given multiple opportunities to do so.

10. After the bidding was completed, 385G LLC sweetened its bid by another $50,000 – totaling $8,475,000 -- to obtain Lender's approval of the winning bid as the "best and highest."

11. Since the auction, I have taken steps to true-up my initial deposit of $703,000 to a full 10% of the bid – totaling more than $847,500 -- into the Debtors' counsel escrow account as follows: $20,000 which was received by Debtors' counsel last Friday, $65,000 which was received by Debtors' counsel earlier today. I have also wired another $59,800 to Debtors' counsel and attach hereto as Exhibit A evidence of said wires being sent, though they have yet to be received by Debtors' counsel.

12. I have the wherewithal to close on the winning bid. I have a term sheet from Derby Copeland for $6,200,000 in financing.

13. I am also in the process of liquidating other assets which will raise, at a minimum, another $2 million dollars.

14. I also understand that if 385G LLC is unable to close and defaults on its purchase contract, it will forfeit all of the 10% deposit, and the sale of the Premises would pass to the backup bidder for $8,400,000. While I view this as very unlikely, I note that it would help the debtor's estate by providing more than $847,500 in additional capital to be used to pay its creditors.

[SIGNATURE PAGE TO FOLLOW]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed this 31st day of March, 2025, at New York, New York.

_____
ZACHARY GINDI

# EXHIBIT A

  

# Transaction details

## $50,000.00

Transaction: 03/28/2025
Posted: 03/28/2025

---

## Additional info

**Category**
Electronic Payments

**Transaction description**
WT SEQ196534 COO WIRE COMPLIANCE /BNF=GOLDBERG WEPRIN FINKEL GOLDSTEINLL SRF# 0067862087038563 TRN#250328196534 RFB#

9:27 AM

# Wire Transfer Status Change Notification

Domestic Wire Notification



| | Report Date/Time | 03/31/25 09:26:52 EDT |

This transaction has been successfully completed.

Transaction Number: DWR-00887785

Amount: $9,800.00

Beneficiary Name: goldberg . weprin

Status: Completed

Confirmation Number: 20250331MMQFMPVO000125